636 A.2d 677

Christopher STEINBERG, Appellee,

v.

7–UP BOTTLING COMPANY OF PHILADELPHIA, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 1993.

Filed Jan. 27, 1994.

334

Patricia Q. Imbesi, Philadelphia, for appellant.

Brad K. Robbins, Melrose Park, for appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge.

Appellee brought an action against his former employer seeking to recover for what he alleged was a breach of an employment agreement. The trial court found in favor of Appellee and awarded him the sum of $6,870.00. The employer appeals the Judgment which was entered in this amount contending that Appellee presented insufficient evidence to rebut the "at will" employment presumption, and alternatively that if the court properly found in favor of Appellee, it erred in its award of damages.

The threshold inquiry in a discharge dispute concerns whether the employment was at-will. *Veno v. Meredith*, 357 Pa.Super. 85, 515 A.2d 571 (1986). In the case at hand the trial court found that Appellant rebutted the at-will presump-

tion. In viewing the events which lead to Appellee's hire the court stated that "under any understanding, the reasonable expectation [was] that Mr. Steinberg would be given a reasonable opportunity to prove that he could do the job." The court also found that Appellee furnished additional consideration "to the extent that he would be given a fair evaluation." Concluding that Appellant did not provide a fair evaluation and gave Appellee "virtually no opportunity to learn," when it terminated his employment after a day and a half, the court ruled that there existed "a breach of a reasonable expectation of an employment contract to give [Appellee] a fair chance to demonstrate that he could do the job."

█ When asserting that there exists an employment contract for a reasonable time, a party must establish "something in the nature and circumstances of the undertaking which would create such an inference." *Darlington v. General Electric*, 350 Pa.Super. 183, 504 A.2d 306 (1986).

It is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject matter of the agreement. *Id.* at 193, 504 A.2d 306.

█ In this case there was evidence produced that in response to an advertisement, Appellee was called in for an interview with two employees of Appellant company. Appellee presented his interviewers with his resume and they spoke at length about the position and Appellee's background. The trial court made a finding, which is supported by Appellee's testimony and therefore which will not be disturbed on appeal, that Appellee accurately and reasonably presented his qualification and made himself available for any and all evaluations that his prospective employer wished him to undergo. The court also found that Appellant was aware that Appellee was a young man just starting out in his career who would be leaving a relatively stable job to join the Appellant company. The court's ultimate finding was that the parties had an

agreement that Appellee would be given a reasonable opportunity to prove that he could do the job.

When an appellate court reviews the findings of a trial judge, the evidence is viewed in the light most favorable to the victorious party with all the evidence and proper inferences favorable to that party taken as true. *Brenna v. Nationwide Insurance Co.,* 294 Pa.Super. 564, 440 A.2d 609 (1982). These findings may not be disturbed on appeal unless predicated upon error of law or unsupported by competent evidence in the record. *Eddystone Fire Co. No. 1 v. Continental Insurance Company,* 284 Pa.Super. 260, 425 A.2d 803 (1981). Here, there is evidence to support the trial court's factual finding, as well as its conclusion, that the parties had an agreement that Appellee would be hired for a trial basis, which meant a reasonable trial basis. We also find no error in the court's ruling that one and one half days is not a reasonable trial basis under the circumstances of this case.

Finding support for the court's determination that Appellant breached an employment agreement which provided that Appellee would be given an reasonable opportunity to perform, we turn now to Appellant's contention that the court's award of damages in the amount of $6,870.00 was improperly calculated. Appellant contends that the court erred when, in formulating its award, it considered the amount of time Appellee was unemployed following his discharge. Appellant was hired to work for $15,000.00 per year. The court's award amounted to nearly six months of salary. Interestingly this figure corresponds to the amount of time Appellant was out of work before securing new employment. Thus, it appears that the court may have considered how long it took for Appellee to obtain a new job when it calculated damages. We do not find this to be inappropriate.

Appellee was hired on a trial basis to provide him with an opportunity to learn his job, yet he was terminated in less than two days. If Appellant were provided with an reasonable opportunity to perform in the work environment he may have been able to work to the satisfaction of his employer. Appel-

lant's failure to provide him with this reasonable time period resulted in a loss of opportunity for Appellee. Further, the trial court found that Appellant was aware when hiring Appellee, that he was a young man starting his career and that employment for less than two full days would be a "blot" on his career which would have to be ignored in all future employment applications, or explained. Appellant's failure to allow Appellee to prove himself, necessitated a period of unemployment, a loss of opportunity, the costs of finding new employment under these stated conditions and the rigors and uncertainty associated with securing a new position. Under these circumstances we find no fault with the court's award which amounted to approximately six months salary. When breaching the agreement to provide Appellee with a reasonable opportunity to perform, Appellant could have expected Appellee to suffer these losses as a result of its actions.

Judgment affirmed.